HAROLD SAWTELLE
*vs.*
CHASE TRANSFER CORPORATION

Cumberland.   Opinion, May 29, 1963.

*Philip S. Bird,* for Plaintiff.

*Verrill, Danna, Walker, Philbrick, and Whitehouse,*
by *John A. Mitchell,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN,
SIDDALL, JJ.  MARDEN, J., did not sit.

WEBBER, J.   At the close of all the evidence in this negligence case, the defendant offered a motion for a directed verdict based upon a failure of proof.   Decision thereon was reserved under the provisions of M. R. C. P., Rule 50 (b) and the case was submitted to the jury.   After the return of a verdict favorable to the plaintiff a motion by the defendant for judgment *n.o.v.* was granted.   The plaintiff appeals.

The evidence most favorable to the plaintiff discloses that on June 3, 1957 the plaintiff was involved in an accident in which he suffered injuries to his person.   An experienced operator employed by the Northeast Paving Co., he was

engaged in loading a motorized roller onto a lowbed trailer owned and operated by the defendant. The area was muddy and slippery. A temporary ramp of blocks and planks was thrown up on a flat area and was successfully used by one Bowen, also a roller operator employed by Northeast, to load his roller onto a trailer operated by the defendant. The defendant then moved another trailer into position at the ramp and the plaintiff commenced his loading operation. He drove in low speed well up the ramp and then stopped and backed down and away from it. The plaintiff determined on his first attempt that boards should be placed on the floor of the trailer in such a position as to prevent the rollers of his vehicle from dropping into an opening in the floor of the trailer made to accommodate its rear tires. Boards were then placed in position and the plaintiff, seated upon his roller, satisfied himself "that it was safe to go onto that trailer." He then made his second run and as the roller started up the ramp the plaintiff was assisted by an employee of the defendant who from a position on the body of the trailer guided him forward by means of hand signals. As the front roller reached the top of the ramp or had passed onto the rear of the trailer floor, the vehicle tilted and skidded or shifted sharply to the left and tipped over, landing on its side. As the roller started to slide or shift, the plaintiff put the machine into reverse gear and jumped clear.

The cause of the accident is unknown. There is no evidence of any negligence on the part of the defendant. There is no suggestion that the defendant knew or ought to have known of any condition which was not equally obvious to the plaintiff. If the employee of the defendant who was giving hand signals could have seen some condition under the front roller which was not visible to the plaintiff in his position in the driver's seat, there is no hint as to what that condition might have been. There is no evi-

dence of broken or defective boards or planks or of any change in the conditions from the time the plaintiff started his second run to the moment when the vehicle tipped over. The plaintiff was familiar with the performance of his vehicle and had performed a loading operation on many prior occasions. He exercised an independent judgment and choice as to whether or not to proceed with the operation. Whether the plaintiff's heavy machine under climbing power merely skidded sideways on wet planking or metal is a matter of pure conjecture. Plaintiff has failed to show that a violation of a duty owed to him by the defendant was a proximate cause of his injury. Conjecture and surmise alone will not sustain a verdict for the plaintiff. *Jordan* v. *Portland Coach Company,* 150 Me. 149, 158.

*Appeal denied.*